**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1987-16T3

LUISA GIL and CARLOS MALPUD,
her husband,

    Plaintiffs-Appellants,

v.

LOUIS ALVERADO, MAGIC ROOFING
CO., and MIKE PORUBSKY,

    Defendants-Respondents.

_____

Argued May 1, 2018 — Decided June 6, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No.
L-0447-15.

Lara R. Lovett argued the cause for appellants
(Pellettieri, Rabstein & Altman, attorneys;
Thomas R. Smith, on the briefs).

Kevin J. Conyngham argued the cause for
respondents Magic Roofing Co. and Louis
Alverado (Zimmerer, Murray, Conyngham &
Kunzier, attorneys; Kevin J. Conyngham, on the
brief).

Nicholas C. Apicelli argued the cause for
respondent Michael Porubsky (Apicelli,
Costanzo & Russom, attorneys; Nicholas C.
Apicelli, on the brief).

PER CURIAM

Plaintiff Luisa Gil slipped on a garden hose in the driveway of the apartment building where she was a tenant. She fell and broke her foot. She and her husband (collectively, plaintiffs) appeal from two orders: an October 14, 2016 order granting summary judgment to co-tenant Magic Roofing Co. (Magic Roofing) and its owner Louis Alverado; and a December 2, 2016 order granting summary judgment to the landlord Michael Porubsky and denying plaintiffs' motion for reconsideration of the October 14, 2016 order. We affirm the order granting summary judgment to Porubsky because no facts showed that he had actual or constructive knowledge of the dangerous conditions that contributed to Gil's fall. We reverse the order granting summary judgment to Magic Roofing and Alverado because there are disputed material facts concerning whether the hose constituted a dangerous condition. Moreover, we hold that under the facts of this case, Gil's knowledge of the presence of the hose and her decision to walk over the hose, raised jury questions concerning her comparative negligence and assumption of the risk.

## I.

Defendant Porubsky owns a three-unit apartment building in Trenton. The building is part of a property that also has a driveway with parking spaces, and a detached two-car garage. Gil

A-1987-16T3

and her husband, Carlos Malpud, rented a first floor apartment in Porubsky's building. Defendant Alverado owned and operated a roofing business, known as Magic Roofing. Magic Roofing rented the driveway of Porubsky's building and the detached two-car garage, which it used to park its roofing vans and store materials.

Employees of Magic Roofing would regularly use a garden hose to wash the roofing vans in the driveway of the apartment building. Gil testified that she was aware of that practice. Indeed, Gil's husband worked for Magic Roofing and, on a weekly basis, he would use a hose to wash the roofing vans. The hose was typically stored in a basement window well.

On March 18, 2013, at approximately 9:00 p.m., Gil went out of her apartment to retrieve an invitation from a friend who was waiting in a parked car at the front of the driveway. Gil used the rear door and walked along the driveway towards the front of the property. She testified that it was raining lightly and that she had to use a narrow two-foot path between the parked roofing vans and the apartment building. While walking, Gil saw a garden hose laying in the pathway. When she attempted to walk on or over the hose, she slipped, fell, and broke her foot.

At her deposition, Gil testified that she saw an employee of Magic Roofing using the hose to wash a van on the afternoon of March 18, 2013. She also testified that she saw the hose and

A-1987-16T3

decided to walk over it before she tripped. She explained that she stepped on the hose, but could not recall exactly how she slipped and fell. In that regard, she testified that the hose may have been slippery because it was raining and the pavement on the driveway may have been uneven.

In her answers to interrogatories, Gil certified:

> On or about March 18, 2013, at approximately 9:00 p.m., I tripped and fell over a hose, that was lying on the driveway, which was unlevel, and in disrepair at the residence that I leased from the Defendant, Michael [Porubsky], located . . . in the City of Trenton County of Mercer and State of New Jersey. I believe the hose was left out, and used by co-defendant, Louis Alverado and Magic Roofing, who kept their materials on the premises. Also, there was insufficient lighting at the time and it made it difficult to see in the area.

Gil and her husband sued Porubsky, Magic Roofing, and Alverado, contending that each was negligent in causing the conditions that led to her fall and injury.

Following the completion of discovery, Magic Roofing and Alverado moved for summary judgment. They contended that they owed no duty to inspect the driveway and that the garden hose did not constitute a dangerous condition. The trial court heard oral argument, agreed with Magic Roofing and Alverado, and granted them summary judgment in an order dated October 14, 2016. On the record, the court explained that Magic Roofing and Alverado owed

4

a duty to their co-tenant to make the part of the premises they rented safe. The court also held, however, that the hose did not constitute a dangerous condition because Gil saw the hose and decided to proceed over it.

Thereafter, Porubsky moved for summary judgment. Plaintiffs opposed that motion and cross-moved for reconsideration of the order granting summary judgment to Magic Roofing and Alverado. The court heard oral argument on December 2, 2016. Porubsky argued that plaintiffs had failed to present any evidence that the driveway was uneven or that any condition on the driveway contributed to the accident. He also argued that he did not have a duty to inspect the property on a daily basis and had no knowledge of the conditions that contributed to Gil's slip and fall.

The trial court ruled that Porubsky had a duty to use reasonable care to guard against foreseeable dangers. The court then held that there was no evidence that Porubsky had any actual or constructive knowledge of the conditions that contributed to Gil's slip and fall and, therefore, granted his motion for summary judgment.

Addressing the motion for reconsideration, the court applied the standards under Rule 4:49-2 and denied the motion because plaintiff failed to present anything that would lead the court to

conclude that its original order was palpably incorrect, unreasonable, or overlooked controlling precedent.

## II.

On appeal, plaintiffs make three arguments. First, they contend that no defendant was entitled to summary judgment, because Gil's knowledge of the dangerous condition before her injury did not preclude a finding of negligence. Second, they argue that Porubsky violated a duty owed to Gil by not addressing certain conditions on the premises that contributed to her slip and fall. Finally, they argue that Gil's knowledge of the hose and her decision to walk over it raised questions that should have been presented to a jury concerning her comparative negligence or assumption of the risk.

In reviewing summary judgment orders, we use a de novo standard of review and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we determine whether the moving parties have demonstrated there are no genuine disputes as to any material facts and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitled the moving parties to judgment as a matter of law. R. 4:46-2(c); Davis, 219 N.J. at 405-06; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

We will first review the summary judgment granted to Porubsky, the landlord. Thereafter, we will review the order granting summary judgment to the co-tenants, Magic Roofing and Alverado.

A. The December 2, 2016 Order Granting Summary Judgment to Porubsky

To establish negligence, a plaintiff must prove: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Davis, 219 N.J. at 406 (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). Plaintiffs bear "the burden of establishing those elements 'by some competent proof.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Davis, 219 N.J. at 406).

Generally, a landlord has a duty to maintain the premises in good repair and in a safe condition for tenants. Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 51 (App. Div.), aff'd o.b., 63 N.J. 577 (1973). To establish negligence by a landlord, the plaintiff must prove that the condition caused the injury and that the condition was known or should have been known to the landlord prior to the occurrence. Id. at 52.

Here, plaintiffs claim that Porubsky breached his duty to maintain the apartment premises in a safe condition by failing to ensure proper lighting, failing to repair uneven pavement on the driveway, and failing to ensure that his other tenants — Magic

Roofing and Alverado — properly stored their hose. At their depositions, both plaintiffs admitted that before the accident, they never told Porubsky about the hose. Gil's husband also admitted that they never complained to Porubsky about the uneven pavement on the driveway. Finally, Gil acknowledged that she did not complain to Porubsky about the lighting on the driveway, and conceded that the driveway light was controlled by the second floor tenants.

In contrast, Porubsky explained at his deposition that the driveway had two sources of light: a flood light that automatically came on when it got dark outside and a separate light controlled by the upstairs tenants. With regard to the driveway, he explained that whenever he was aware of a need for repair, he either repaired the driveway himself or had somebody else repair it. Finally, he testified that he had never observed the hose on the property and had no knowledge of Magic Roofing washing their vans on the driveway.

Viewing the evidence in the light most favorable to plaintiffs, there was no evidence from which a jury could find that Porubsky had actual or constructive knowledge of the conditions that led to Gil's slip and fall. Accordingly, the trial court properly granted summary judgment to Porubsky, and we affirm that portion of the December 2, 2016 order.

B.  The October 14, 2016 Order Granting Summary Judgment to Magic Roofing and Alverado

Plaintiffs contend that the trial court erred in granting summary judgment to defendants Magic Roofing and Alverado because the combination of the mislaid hose and defendants' improperly parked vans created a dangerous condition.

Determining whether a duty exists is a question of law for the court. Longo v. Aprile, 374 N.J. Super. 469, 472 (App. Div. 2005). "For many years, the common law focused on property rights and determined the scope of a [possessor of land's] duties according to the status of the injured person as a business invitee, a [licensee], or a trespasser." Meier v. D'Ambrose, 419 N.J. Super. 439, 445 (App. Div. 2011). More recent opinions, however, apply a fact-sensitive approach to determine the extent of a duty owed by a possessor of land to an injured person. Ibid. (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 435-41 (1993)).

In cases where the status of an injured party is not precisely defined, "the attempt to pigeonhole the parties within the traditional categories of the common law is both strained and awkward." Hopkins, 132 N.J. at 438; see also Lechler v. 303 Sunset Ave. Condo. Ass'n, 452 N.J. Super. 574, 583 (App. Div. 2017) ("Only in the cases where a plaintiff does not fit into the common law

categories must a court perform the full duty analysis described in Hopkins."). Instead, the inquiry should focus on whether, in light of the actual relationship of the parties under all of the surrounding circumstances, imposing a duty to exercise reasonable care to prevent foreseeable harm is "fair and just." Hopkins, 132 N.J. at 438.

Here, Magic Roofing and Alverado rented parking spaces from Porubsky for a commercial purpose. On that same property, plaintiffs rented a residential apartment and had a shared right to use the driveway. Consequently, Gil cannot be considered a business invitee in the true sense, because she was not conferring an economic benefit on Magic Roofing and Alverado at the time of her injury. Similarly, Gil cannot be considered a licensee or trespasser because she was a rent-paying tenant and had a right to use the driveway at her apartment building. Given those circumstances, the extent of the duty owed by Magic Roofing and Alverado should be determined using the factors articulated by our Supreme Court to address premises liability when the common law classifications do not squarely apply. See Hopkins, 132 N.J. at 433.

In Hopkins, the Court addressed the duty owed by a real estate broker to members of the public attending an open house. The Court held that brokers have a duty to conduct a walk-through of

the house and warn visitors of discoverable conditions on the property that pose a hazard or danger.  The Court explained that the common law classifications were not the predominant issue; rather, the focus should be on the actual relationship between the parties under all of the surrounding circumstances.  Id. at 438.

Following Hopkins, courts apply a four-factor analysis. Preliminarily, when determining the extent of a defendant's duty of care, courts must consider the foreseeability of the risk of injury, then identify, weigh, and balance: (1) the relationship of the parties; (2) the nature of the attendant risk; (3) the opportunity and ability to exercise care; and (4) the public interest in the proposed solution.  Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (citing Hopkins, 132 N.J. at 439).  Moreover, the extent of a party's duty to exercise reasonable care should be based on fairness, taking into account the totality of the circumstances.  Campbell v. Hastings, 348 N.J. Super. 264, 269 (App. Div. 2002).

Applying the Hopkins analysis to the facts of this case, Magic Roofing and Alverado owed Gil a duty to prevent the foreseeable risk of tripping over the improperly placed hose by inspecting the property at the end of the work day to ensure the safety of the residential tenants of the building.  Plaintiffs, Magic Roofing, and Alverado shared the driveway.  Magic Roofing

and Alverado knew or should have known that objects left in the driveway could cause another tenant to slip and sustain an injury. Giving Gil the benefit of all favorable inferences, Magic Roofing and Alverado should have known that leaving the hose in such a position could cause one of the residential tenants to trip and fall. Moreover, Alverado had the opportunity and ability to inspect the driveway to ensure that his employees left it in a safe condition. Indeed, at the time of Gil's injury, Alverado lived across the street from the apartment where his vans were parked, and easily could have inspected the driveway area for dangerous conditions and tripping hazards. Alverado also could have directed his employees to properly store the hose and to inspect the area whenever they finished washing the roofing vans. Finally, imposing a duty on Magic Roofing and Alverado in these circumstances would not create an undue burden on businesses that rent space to store their commercial vehicles.

Thus, Magic Roofing and Alverado owed a duty to Gil. The question whether the hose was a dangerous condition presents a disputed issue of fact that should be resolved by a jury. Gil contends that she had to walk down a narrow pathway between Magic Roofing's improperly parked vans and the apartment building. She further contends that leaving a hose across that pathway constituted a dangerous condition. Magic Roofing and Alverado

12                                                          A-1987-16T3

dispute that contention by focusing on Gil's awareness of the hose and her decision to proceed anyway. The issues of Gil's comparative negligence and assumption of the risk are factual determinations that also should be made by a jury. See, e.g., Vega by Muniz v. Piedilato, 154 N.J. 496, 529 (1998) ("Issues pertaining to negligence defenses, including comparative negligence, 'are jury questions and . . . a court should not take the place of a jury in solving them except in plain and indisputable cases.'"); Altomare v. Cesaro, 70 N.J. Super. 54, 62 (App. Div. 1961) ("[T]he existence of either contributory negligence or of its twin, assumption of the risk, is customarily a preeminent question of fact for the jury.").

Consequently, we reverse the October 14, 2016 order granting summary judgment to defendants Magic Roofing and Alverado. Having reversed that order, the portion of the December 2, 2016 order denying reconsideration is vacated. The matter is remanded for further proceedings against defendants Magic Roofing and Alverado.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION